# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

RAFAEL JONES,                )
                             )
    Plaintiff,           )
                             )
v.                           )   No. 4:07CV1834 CDP
                             )
ELOISE GOODOM, et al.,       )
                             )
    Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rafael Jones for leave to commence this action without payment of the required filing fee [Doc. #2]. The motion will be granted. Additionally, the Court will dismiss the case.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0.00, and an average monthly balance of $0.00. As a result, the Court will not assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the

tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless, "a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations omitted).

### Fed. R. Civ. P. 12(h)(3)

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

## The Complaint

Liberally construing the complaint, it appears that plaintiff is attempting to bring a claim for tortious interference with his banking activities. Named as defendants are Eloise Goodom (Theft Department, Bank of America, Downtown St. Louis Branch) and Bank of America. Plaintiff alleges that on April 16, 2005, he was allowed to participate in a federal treasury note auction as a benefit of opening up a checking account with Bank of America. Plaintiff claims that he purchased four treasury notes which yielded $14 million in profit on the day that he purchased them. Plaintiff claims that defendant Goodom closed his account later that year and "changed the banking handbook to lock out private investors such as common citizens." Plaintiff alleges that, as a result of Goodom's activities, he was forced to sell his securities early for a $6 million loss. Plaintiff says that Goodom has prevented him from banking at any other bank. Plaintiff seeks to recover $6 million plus interest.

## Discussion

Plaintiff has failed to allege any facts establishing that subject matter jurisdiction exists. Plaintiff has not identified any federal statute as giving rise to his cause of action. And diversity jurisdiction does not exist because defendant Goodom and plaintiff are both residents of Missouri. As a result, this Court lacks jurisdiction

and the case will be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Alternatively, even if this Court were to have subject matter jurisdiction over the complaint, it would be dismissed as frivolous and malicious. The Court does not view the instant complaint in isolation. <u>Cochran v. Morris</u>, 73 F.3d 1310, 1316 (4th Cir. 1996). Rather, the Court takes notice of the fact that plaintiff filed four lawsuits (including this case) in a brief period when he was detained at the St. Louis City Justice Center: <u>Jones v. Brayer</u>, 4:07CV1704 RWS (E.D. Mo.); <u>Jones v. Gateway Metro Credit Union</u>, 4:07CV1717 FRB (E.D. Mo.); and <u>Jones v. Brayer</u>, 4:07CV1723 ERW. Plaintiff's other litigation in this Court has been both frivolous and malicious. In <u>Jones</u>, 4:07CV1704 RWS and <u>Jones</u>, 4:07CV1723, plaintiff moved the Court to seek the death penalty against several judges, prosecutors, and public defenders involved in his various criminal cases. This pattern of conduct leads the Court to conclude that this case, like plaintiff's other cases, was not filed to vindicate a legitimate right but rather to harass the named defendants. As a result, this case is malicious under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the allegations in this case are so clearly baseless as to be factually frivolous pursuant to <u>Denton</u>. As a result, this case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 13th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE